UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BUD A LARSON, Petitioner, v. DON HOLBROOK, Respondent. | CASE NO. 3:15-CV-05606-RBL-DWC<br>REPORT AND RECOMMENDATION<br>Noting Date: March 18, 2016 |

The District Court has referred this action, filed pursuant to 28 U.S.C. § 2254, to United States Magistrate Judge David W. Christel. Presently before the Court is Petitioner's Motion to Dismiss ("Motion"). Dkt. 18. The undersigned recommends the Motion be granted and this case be dismissed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

**BACKGROUND**

On August 31, 2015, the Court ordered Petitioner to show cause why his Petition should not be dismissed for failure to exhaust. Dkt. 4. Petitioner filed an Amended Complaint alleging he exhausted his grounds for relief. Dkt. 9. The Amended Petition was served on December 7, 2015, and Respondent filed an Answer on January 21, 2016. *See* Dkt. 11, 16. In his Answer,

Respondent alleges Petitioner's grounds for relief are time-barred and unexhausted. Dkt. 16. Petitioner filed the Motion on February 12, 2016, requesting the Court dismiss his Petition because it is unexhausted and he is "time-barred from judicial review." Dkt. 18.

## DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2). The Court should grant a motion for voluntary dismissal unless the opposing party will suffer legal prejudice. *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2010).

Petitioner requested dismissal of his Petition after Respondent filed an answer, and a stipulation to dismiss has not been filed in this case. *See* Dkt. 16, 18. Thus, dismissal is proper only through a court order.

The Court finds dismissal of this Petition will not prejudice or unfairly affect Respondent. Rather, Petitioner agrees with Respondent's assertions that the Petition is unexhausted and time-barred. Therefore, it is proper to allow Petitioner to voluntarily dismiss this action. *See Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.3d 919, 921 (9th Cir. 1989) ("The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." (internal citations omitted)).

## CONCLUSION

For the foregoing reasons, the Court recommends Petitioner's Motion to Dismiss be granted and this action be dismissed without prejudice. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 18, 2016, as noted in the caption.

Dated this 1st day of March, 2016.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge